RECEIVED
IN ALEXANDRIA, LA

JAN - 5 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

LARRY CLARK DAVIS                          CIVIL ACTION NO. 09-1841
     FED. REG. # 00864-164
VS.                                        SECTION P

                                           JUDGE DRELL

WARDEN JOE KEFFER                          MAGISTRATE JUDGE KIRK

REPORT AND RECOMMENDATION

Pro se petitioner Larry Clark Davis filed the instant
petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on
October 21, 2009.  Petitioner is an inmate in the custody of the
Federal Bureau of Prisons; he is incarcerated at the United
States Penitentiary, Pollock, Louisiana. He attacks his 2000 bank
robbery and fire arms related convictions in the United States
District Court for the Eastern District of Arkansas. This matter
has been referred to the undersigned for review, report, and
recommendation in accordance with the provisions of 28 U.S.C.
§636 and the standing orders of the Court. For the following
reasons it is recommended that the petition be **DISMISSED WITH
PREJUDICE.**

*Background*

On February 1, 2000, petitioner was found guilty as charged
of attempted bank robbery by force or violence (18 U.S.C. §2113);
brandishing a firearm during a crime of violence (18 U.S.C.

§924); and being a felon in possession of a firearm (18 U.S.C. §922) following trial by jury in the United States District Court for the Eastern District of Arkansas. Thereafter, on September 29, 2000, he was sentenced life imprisonment according to the provisions of 18 U.S.C. § 3559, which requires a mandatory life sentence if a person is convicted of a serious violent felony - such as robbery - after having previously been convicted of two or more serious violent felonies. 18 U.S.C. § 3559(c). [See United States of America vs. Larry Davis, No. 4:99-cr-00042 (E.D. Ark.) at rec. docs. 91-94; 139-140]

His convictions and sentences were affirmed on appeal to the United States Eighth Circuit Court of Appeals. United States v. Davis, 260 F.3d 965 (8th Cir. 2001). Petitioner's application for certiorari was denied by the United States Supreme Court on January 14, 2002. No. 4:99-cr-00042 at rec. doc. 153.

On April 8, 2002 petitioner filed a *pro se* motion to vacate pursuant to 28 U.S.C. §2255; his motion was denied on April 10, 2002. No. 4:99-cr-00042 at rec. docs. 154-155. On June 27, 2005 petitioner filed another motion to vacate which was deemed second and successive and denied for lack of jurisdiction. No. 4:99-cr-00042 at rec. docs. 160-162; see also 2005 WL 1923212. He subsequently sought permission from the Eighth Circuit Court of Appeals to file a second and successive §2255 motion, but his request was denied on March 6, 2006. No. 4:99-cr-00042 at rec.

2

docs. 163-164.

Petitioner filed the instant petition on October 21, 2009. In this petition he attacks his conviction because "... FDIC insurance premiums were never presented or proven to exist at the time of the robbery or during trime [sic], nor by the time of the filing of this petition..." [rec. doc. 1, ¶7]

### Law and Analysis

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241. He argues that his conviction is invalid because the United States District Court for the Eastern District of Arkansas lacked jurisdiction.

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the <u>manner</u> in which a sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990).

Here, petitioner collaterally attacks his conviction and therefore, his claim should be advanced in a Motion to Vacate filed pursuant to 28 U.S.C. §2255. Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the §2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001).

3

The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in prior Motions to

4

Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. <u>Christopher v. Miles</u>, 342 F.3d 378 (5th Cir. 2003).

### *Conclusion and Recommendation*

Considering the forgoing,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415**

5

**(5ᵗʰ Cir. 1996).**

     In Chambers at Alexandria, Louisiana,

2010.

                        JAMES D. KIRK
                        UNITED STATES MAGISTRATE JUDGE